95 F.3d 1163
 40 Cont.Cas.Fed. (CCH) P 76,961
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KEITH CRAWFORD & ASSOCIATES, INC., Appellant,
v.
Sheila E. WIDNALL, Secretary of the Air Force, Appellee.
 No. 95-1495.
 United States Court of Appeals, Federal Circuit.
 July 8, 1996.
 
 Before MAYER, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Keith Crawford & Associates, Inc. ("Crawford"), seeks review of the decision of the Armed Services Board of Contract Appeals ("Board") in Keith Crawford & Associates, ASB CA NO. 46893, 95-1 BCA (CCH) p 27,388 (December 20, 1994). In its decision, which followed a hearing, the Board denied Crawford's appeal of the termination for default of Crawford's small-business set-aside contract for the construction of certain facilities at McConnell Air Force Base in Kansas. We affirm.
 
 DISCUSSION
 
 2
 Under the terms of the contract, Crawford was to construct a metal building, vehicle paint booth, and associated foundations. Id. at 136,514. In addition to special provisions governing the particular work involved, the contract contained, through incorporation by reference, various standard government contract clauses. Crawford was issued a notice to proceed on January 5, 1993. Id. The government terminated the contract for default on December 2, 1993, based upon Crawford's failure to complete the project by the required completion date and its abandonment of the job site. Id. at 136,517.
 
 
 3
 Crawford appealed the default termination to the Board. In denying the appeal, the Board concluded that the government had met its burden of establishing that the default termination was proper. See Lisbon Contractors, Inc. v. United States, 828 F.2d 759 (Fed.Cir.1987). The Board rejected the various contentions raised by Crawford: first, that the default termination was improper because, under the contract, Crawford was not required to demonstrate the operation of the paint booth; second, that delay on Crawford's part was excusable because the contract requirements were conflicting and the government had not provided clarification; and third, that Crawford was entitled to damages because the government materially breached the contract. The Board held that Crawford's refusal to demonstrate that the paint spray booth was ready for use and its refusal to complete various punch-list items were contrary to both the Final Inspection and the Commencement, Prosecution and Completion of Work clauses of the contract. Crawford, 95-1 BCA at 136,518. With respect to the issue of whether Crawford's delay was excusable, the Board determined that the matters upon which Crawford based its delay claim either had been mutually resolved through arms-length bargaining or that the reasons asserted by Crawford for its delay were not substantiated. Id. Finally, with respect to the contention that the government materially breached the contract, the Board found that the government's withholding of the balance of the contract funds was justified in view of Crawford's
 
 
 4
 inexcusable failure and refusal to timely complete contract performance (and the daily accrual of unliquidated damages owed by [Crawford], departure from the job site on 22 October and 5 November 1993, failure to relocate the overhead door, failure to correct undisputed and disputed punch-list items and the request from [Crawford's] surety to withhold remaining contract funds.
 
 
 5
 Id. at 136,519.
 
 
 6
 We review the Board's decision under the standards set forth in the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601-13 (1994). Under these standards, we affirm a decision of a board of contract appeals unless it is "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b) (1994). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. Labor Bd., 305 U.S. 197, 229 (1938).
 
 
 7
 Crawford's principal arguments on appeal are that the Board erred in holding that Crawford was required to demonstrate the operation of the paint booth, and that the Board's finding that Crawford's delay was not excusable is not supported by substantial evidence. Neither of these contentions has merit.
 
 
 8
 The Board properly concluded that Crawford was required, and failed, to demonstrate that the paint booth was operational and ready for use. One of the criteria of operability of the paint booth was that it comply with all applicable fire codes. Crawford, 95-1 BCA at 136,514. The failure to equip the spray area with a fire extinguishing system, as required by NFPA 33, constituted a violation of federal fire code requirements. Id. at 136,515. Finally, having reviewed the record, we are satisfied that the Board's finding that Crawford failed to establish excusable delay is supported by substantial evidence.
 
 
 9
 Each party shall bear its own costs.